IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joe Davon Davis, #275440,<br>    Petitioner,<br>vs.<br>Warden Levern Cohen, Ridgeland CI,<br>    Respondent. | Civil Action No. 6:09-3329-RMG-KFM<br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined in the Ridgeland Correctional Institution, of the South Carolina Department of Corrections ("SCDC"), as the result of his Florence County conviction and sentence. The Florence County Grand Jury indicted the petitioner in 2005 for receiving stolen goods in an amount greater than $1,000.00 (05-GS-21-734). The Florence County Grand Jury then indicted him at the March 2006 term of court for first-degree burglary and grand larceny (06-GS-21-0444). App. 96-97. Attorney Karen E. Parrott represented him on these charges.

On April 27, 2006, the petitioner pleaded guilty to second degree burglary, nonviolent (06-GS-21-0444) and receiving stolen goods (2005-0S-21-734) before the Honorable Michael O. Nettles. Judge Nettles sentenced him to 15 years for second-degree burglary, provided that, upon the service of 10 years, the balance would be suspended with probation for five years. For receiving stolen goods, Judge Nettles sentenced the petitioner to five years imprisonment, provided that the balance would be suspended upon service of three years, with probation for two years. The sentences were imposed concurrently, as recommended by the State.[1] App. 3-24; 89.

The petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Aileen P. Clare represented him on appeal in the South Carolina Court of Appeals. Ms. Clare filed a Final *Anders* Brief of Appellant[2] on the petitioner's behalf and petitioned to be relieved as counsel. The only question presented in the *Anders* brief was stated as follows:

> Did the lower court improperly consider uncharged conduct in sentencing appellant?

Final *Anders* Brief of Appellant, p. 3. However, Ms. Claire sent a letter to the South Carolina Court of Appeals on April 11, 2007, asking the court to enter an order dismissing the appeal because the petitioner had made a knowing and voluntary decision to abandon his appeal, after counsel had advised him of the consequences of his action. Ms. Claire also enclosed an affidavit from the petitioner indicating his desire to abandon his appeal.

---

[1] Counsel felt that this deal was very advantageous to Petitioner: "I don't think that you're ever going to get much more assistance than burglary first violent 15 to life down to burglary second nonviolent so that it's already two standards down. And you got a grand larceny down to a receiving stolen goods so that took him out of being the person who actually stole that." App. 69.

[2] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). *Johnson* sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Contra Pennsylvania v. Finley*, 481 U.S. 551 (1987) (prisoner, who had no equal protection or due process right to appointed counsel in postconviction proceedings, also had no right to insist on *Anders* procedures for withdrawal of appointed counsel when collateral counsel determined direct appeal was frivolous).

2

On April 13, 2007, the South Carolina Court of Appeals filed an "Order Of Dismissal And Remittitur," in which it dismissed the appeal and remitted the case to the Florence County Clerk of Court on April 23, 2007.

The petitioner filed a *pro se* post-conviction relief ("PCR") application (07-CP-21-149) on January 25, 2007. *Contra* Rule 71.1(b), SCRCP ("An application for post-conviction relief cannot be made while an appeal from the conviction or sentence is pending or during the time in which an appeal may be perfected"); *Al-Shabazz v. State*, 338 S.C. 354, 363, 527 S.E.2d 742, 747 (2000) ("The applicant may not bring a PCR action while a direct appeal is pending. Rule 71.1(b), SCRCP"). He alleged the following grounds for relief in his application:

(1) Ineffective assistance of counsel, in that counsel:

(a) Failed to investigate facts or law,

(b) Failed to timely move to suppress evidence, and

(c) Failed to interview witnesses.

App. 26-32. The State filed its Return on April 13, 2007. App. 33-37.

The Honorable Thomas Anthony Russo held an evidentiary hearing into the matter at the Florence County Courthouse on December 12, 2007. The petitioner was present at the hearing and represented by attorney Robert Rushing. Assistant Attorney General Michelle J. Parsons represented the State. The petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Ms. Parrott. App. 38-86. Judge Russo denied relief and dismissed the application with prejudice in an Order of Dismissal filed on February 15, 2008. Judge Russo addressed the petitioner's claims that trial counsel was ineffective because he failed to (1) argue that the petitioner was merely present at the scene of the crime and was not an active participant; (2) investigate the facts surrounding the case and the process by which the petitioner was identified as the

3

perpetrator of the crime; (3) ascertain whether the confidential informant was reliable; and (4) object to the prosecution's false statements in the factual proffer made to support the guilty plea. Judge Russo also addressed the petitioner's claim that the guilty plea was involuntary. App. 88-95.

The petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Elizabeth A. Franklin-Best represented him in collateral appellate proceedings. On November 19, 2008, Ms. Franklin-Best filed a *Johnson* Petition for Writ of Certiorari[3] on the petitioner's behalf and petitioned to be relieved as counsel. The only question presented in the *Johnson* Petition was stated as follows:

> Was Davis' plea knowingly and voluntarily entered when he did not review all of the discovery that he believes was available in his case?

*Johnson* Petition for Writ of Certiorari at p. 2.

The petitioner filed a *pro se* response, which the South Carolina Supreme Court received on February 18, 2008. He alleged that his guilty plea was not knowingly and voluntarily entered for the following reasons:

> During the pcr hearing, Davis Informed The Court That in His rule 5 Rule, He could not find any Information that Identified him As the perpetrator of crime. Please View pcr Transcript page 43 line[s] 1-11.
>
> There Was also discrepancies in the incident reports, supplemental report, Warrants. These discrepancies state that officer McDaniel arrived at scene and secure[d] the crime scene. He Never state anything about collecting evidence! But officer Nettles stated that entry was gain[ed] by using a shovel to Break a sliding glass door. The rule 5 doesn't show any

---

[3]*See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988). *Johnson* sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to *Anders*, *supra*. *Contra Pennsylvania v. Finley*, 481 U.S. 551 (1987) (prisoner, who had no equal protection or due process right to appointed counsel in post-conviction proceedings, also had no right to insist on *Anders* procedures for withdrawal of appointed counsel when collateral counsel determined direct appeal was frivolous).

evidence recovered. Please View pcr Transcript page 45 line 6 to page 47 line 2.

There was no statement from the confidential Informant. Clearly the CI does have a statement in rule 5. Nor did he [give] any first hand knowledge of the crime. Arrest Warrant state[s] that [I] was Identified to the Exclusion of all others, and the supplemental report state[s] the CI gave this Information. Please View pcr Transcript page 47 line 3 to page 48 line[s] 7-19.

The prosecution made a statement that was not true [and] guilty plea counsel let prosecution['s] statement be enter[ed] in the record when she should have object[ed] to statement. Also counsel let victim make a statement about evidence, that was clearly stating that [the] prosecution['s] statement was not true[. C]ounsel still fail[ed] to object and withdraw my plea.

Please View plea Transcript page 7 line 7-14, also please View Transcript page 16 line[s] 4-10.

Two major pieces of evidence was no[t] in Rule 5, A Box and [a] shovel. There isn't any evidence log in sheet, No pictures of these Items, These Items [were] Never recov[er]ed. Clearly My Counsel Competen[ce] wasn't of a professional standard. [C]ounsel fail[ed] to advise Me about these Missing [pieces of] evidence and that my factual basis of My plea was set on these Items that are not true. The rule 5 contain anything about these Items.

[P]lease View Transcript page 65 line[s] 6-18.

Counsel agreed in plea hearing that [I] could be found guilty and Base[d] on her Investigation I could be found guilty Beyond a doubt. Counsel agree[d] to be a [competent] Attorney To The Courts. [P]lease View plea Transcript page 4 lines 18-25.

Counsel clearly state[d] that she did not Investigate. Counsel fell below the professional standard and if counsel would have investigated the proceeding would have been different. Please view pcr Transcript page 60 line 15- page 74 line 25.

Defendant told counsel that he wanted to go to [trial] days before this plea[. C]learly counsel received the request, but she [advised] me to [plead guilty]. [P]lease View pcr Transcript page 49 Line 14 to page 51 line 7.

5

The South Carolina Supreme Court filed an Order denying certiorari and granting counsel's petition to be relieved on June 24, 2009. It sent the Remittitur to the Florence County Clerk of Court on July 10, 2009.

On October 3, 2008, while incarcerated at Manning Correctional Institution, the petitioner was charged with Possession of Any Cell Phone or Other Type Communication Device. On October 22, 2008, a disciplinary hearing was held, and the petitioner was convicted as charged. The sanctions imposed included 360 days loss of telephone privileges; 360 days loss of property privileges, with exceptions; 360 days loss of canteen privileges; 360 days loss of visitation privileges; 310 days loss of good time credit; and 160 days of disciplinary detention. Mary Coleman aff. ¶ 2; SCDC Disciplinary Report and Hearing Record.

The petitioner filed a Step 1 grievance on October 23, 2008. The Warden found no errors in the disciplinary proceedings and upheld the petitioner's conviction. On November 10, 2008, the petitioner filed a Step 2 grievance. That grievance was also denied. By order filed March 25, 2009, Administrative Law Judge John D. McLeod dismissed the petitioner's appeal on the grounds that the petitioner failed to properly serve his notice of appeal, and the Administrative Law Court thus lacked jurisdiction to hear his appeal. The petitioner did not appeal this decision. Coleman aff. ¶ 3; Grievances and Responses.

In his *pro se* petition now before this court, the petitioner raises the following allegations (verbatim):

> **GROUND ONE**: Due process where witnesses was denied to give statements a Hearing.
>
> **SUPPORTING FACTS**: On September 23, 2008 I was place in SMU for possession of a weapon, my property was brought to SMU also, officers Kelly and Swan inventory my property and ask me was everything there and I stated my address book and 2 pair of shoes and books was missing, they called Lt Smith

and he stated I'll look at his bed, on October 3 2008, SCDC staff caught a inmate with a cell phone in the room, I was charge with possession of a cell phone because of my number in the phone. My family also called Captain Thearde on September 27 2008 and they told him that they got a call from a Inmate saying they was going to kill me if they don't send money to this name, my family called two days after I was place in SMU, the phone was not found until days later, SCDC officers statement could have change the outcome of my disciplinary hearing if they could have given there statement. Hearing officer refused to hear there statement.

**GROUND TWO**: Due process where the evidence is insufficient to support the conviction.

**SUPPORTING FACTS**: I was charge with 898 possession of a cell phone, when another inmate was caught with the cell phone while I was in SMU (lock up), I was charge for possession because a phone number was found in the phone, the phone number does not put me in possession of a cell phone, so by charging me with disciplinary infragment violated my fourteenth Amendment.

**GROUND THREE**: Due process under liberty interest where good time credits was taken.

**SUPPORTING FACTS**: Hearing officers take 310 good time credits for the disciplinary infragment and there was no evidence to support the conviction to take good time credits.

On April 30, 2010, the respondent filed a motion for summary judgment. By order filed May 3, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 28, 2010, the petitioner filed his opposition to the motion for summary judgment.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be

8

counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

> Title 28, United States Code, Section 2241 provides:
>
> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . .
> ***
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> ***
> > (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241.

"Unlike petitions brought under §2254, which challenge the validity of a state court conviction and sentence, petitions brought under §2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C.A. No. 0:08-cv-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008). Accordingly, the petitioner's claims are properly analyzed pursuant to 28 U.S.C. §2241.

The petitioner challenges his October 22, 2008, disciplinary hearing regarding his disciplinary charge for The Possession of Any Cell Phone or Other Type Communication Device and the resulting sanctions imposed. He complains he was denied due process during this disciplinary hearing. Specifically, the petitioner alleges he was denied access to witnesses and asserts there was insufficient evidence to support his conviction. He also alleges his due process rights were violated because his good time credits were taken.

The petitioner's claims fail on the merits.[4] The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Constitutional Amendment XIV § 1. Prison officials must accord an inmate minimal due process requirements for a disciplinary hearing as this hearing could result in deprivation of a state-created liberty interest, good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The Supreme Court has outlined the due process protections inmates are entitled to in regards to prison disciplinary proceedings where the inmate's liberty interest is at stake. These due process protections are: 1) advance written notice of the charges; 2) a written statement citing the evidence relied upon and the reasons for the action taken; and 3) the right by the inmate to call witnesses and present documentary evidence, if institutional safety will not be jeopardized. *Id.* at 563-567.

Furthermore, the minimum requirements of procedural due process are not met unless the findings of the prison disciplinary board are supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id.* at 455-56. This standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). As the Supreme Court noted in *Hill*,

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

---

[4]The respondent also argues that the petitioner failed to exhaust his administrative remedies and his claims are procedurally barred. Since this court finds the claims fail on the merits, these arguments will not be addressed.

472 U.S. at 455-56. Upon review of a disciplinary proceeding, the court should determine only whether the DHO's decision to revoke good time credits has some factual basis. *Id*.; *McPherson*, 188 F.3d at 786.

The Disciplinary Report and Hearing Record concerning the petitioner's October 3, 2008, charge of Possession of Any Cell Phone or Other Type Communication Device reflects that the petitioner requested that his accuser be present during the hearing. SCDC Disciplinary Report and Hearing Record. The record also reflects that the petitioner was provided with advance written notice of the charge; a written statement prepared by the hearing officer, which lists the evidence relied on and the reasons for the disciplinary action; the ability to call witnesses and present documentary evidence; and an impartial person to hear the matter. *Id.* The petitioner requested three witnesses, all corrections officers, to be at the hearing. 10/22/98 Request to Staff Member. The Disciplinary Hearing Officer ("DHO") noted that two of the witnesses the petitioner requested for the hearing were excluded because they had no connection with the case. SCDC Disciplinary Report and Hearing Record. The evidence submitted by the respondent supports this finding. Additionally, documentation on the petitioner's request shows that the petitioner stated he no longer needed the third witness that he had previously requested for the hearing. 10/22/98 Request to Staff Member. The record reflects that the DHO relied on the officer's incident reports and a note authored by the petitioner as evidence in the matter. According to the incident reports, a note was found that indicated the presence or use of a cell phone in the ward. A corrections officer overheard the petitioner ask another inmate if he got the note or "kite" the petitioner had sent him. A cell phone was confiscated on October 2, 2008, and a telephone number in the cell phone was a number that was on the petitioner's approved telephone list. According to the hearing record, the petitioner confirmed that he wrote the note. SCDC Disciplinary Report and Hearing Record; Incident Reports.

The record in this matter reveals there was more than merely "some" evidence to support the DHO's decision at the petitioner's disciplinary hearing, and the due process requirements established by the Supreme Court were met. As such, the petitioner's constitutional rights were not violated during his disciplinary hearing. Accordingly summary judgment should be granted in this matter.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 28) be granted.

October 22, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge